April 30, 2009

Mr. Robert Scott, Commissioner
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0712

Re: Authority of the board of trustees of the Dallas Independent School District to change the length of its members' terms after December 31, 2007
(RQ-0770-GA)

Dear Commissioner Scott:

The members of the board of trustees of the Dallas Independent School District (the "DISD") previously served three-year terms of office.[1] On November 20, 2008, the DISD board of trustees adopted Resolution 58737, which established four-year terms for its members.[2] You ask about the authority of the DISD board to change the length of its members' terms after December 31, 2007. *See* Request Letter at 2.

In 2007, the Eightieth Legislature adopted an amendment to section 11.059 of the Education Code. That amendment, codified as subsection (e), provides:

> (e) *Not later than December 31, 2007,* the board of trustees may adopt a resolution changing the length of the terms of its trustees. The resolution must provide for a term of either three or four years and specify the manner in which the transition from the length of the former term to the modified term is made. The transition must begin with the first regular election for trustees that occurs after January 1, 2008, and a trustee who serves on that date shall serve the remainder of that term. This subsection expires January 1, 2013.

TEX. EDUC. CODE ANN. § 11.059(e) (Vernon Supp. 2008) (emphasis added); Act of April 13, 2007, 80th Leg., R.S., ch. 17, § 1, 2007 Tex. Gen. Laws 14, 15. By its plain terms, subsection (e) permitted

---

[1]Brief from Rolando L. Rios, on behalf of the Dallas Independent School District, at 1 (Jan. 26, 2009) (on file with the Opinion Committee)

[2]*See* Request Letter (Exhibit A at 2) (*available at* http://www.texasattorneygeneral.gov).

a board of trustees to adopt a resolution to change the length of the terms of its trustees, but only if the change was made no later than December 31, 2007.[3]

On the other hand, the DISD is currently governed by section 11.065 of the Education Code, as a district whose "central administrative office is located in a county with a population of more than two million" and one whose "student enrollment is more than 125,000 and less than 200,000." TEX. EDUC. CODE ANN. § 11.065(a) (Vernon 2006). That section, adopted in 2003,[4] provides that "[s]ections 11.059(a) and (b) do not apply to the board of trustees" of such a school district. *Id.* Although section 11.065(a) of the Education Code exempts the DISD from the application of section 11.059(a) and (b), section 11.065 does not provide an exemption for subsection (e).

In construing a statute, our objective, like that of the courts, is to determine and give effect to the Legislature's intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). When the text of "a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). If a statute's language is clear and unambiguous, its plain meaning must prevail. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Under the plain meaning of section 11.059(e) of the Education Code, the board of trustees of the DISD was specifically authorized to change the length of their terms, so long as they did so by December 31, 2007. No statutory authorization exists for changes in term lengths after that date.[5]

Moreover, subsection (d) of section 11.065 provides:

> Notwithstanding Chapter 171, Acts of the 50th Legislature, Regular Session, 1947 (Article 2783d, Vernon's Texas Civil Statutes), to the extent consistent with this section, the board of trustees of a school district described by Subsection (a) may adopt rules necessary to govern the term, election, and residency requirements of members of the board that may be adopted under general law by any other school district.

TEX. EDUC. CODE ANN. § 11.065(d) (Vernon 2006). A 1981 special law amending article 2783d established the term of a member of the DISD board at three years. *See* Act of Feb. 16, 1981, 67th Leg., R.S., ch. 6, 1981 Tex. Gen. Laws 7, 7–8. Although the DISD board was authorized by section

---

[3]To our knowledge the board of trustees of the DISD never asked an authorized requestor to seek an attorney general opinion on this issue. However, "[a]t the request of *a* [DISD] trustee," the Commissioner of the Texas Education Agency submitted the Request Letter on December 3, 2008. Request Letter at 1 (emphasis added).

[4]Renumbered from section 11.064, Education Code, by Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 23.001(10), 2005 Tex. Gen. Laws 2188, 2314.

[5]Section 11.059(e) expires on January 1, 2013. As a result, changes in term length could be made after that date.

11.065(d) to change the length of its members' terms prior to December 31, 2007, the enactment of section 11.059(e) removed the option of doing so after that date.[6]

We conclude that the DISD board of trustees was not authorized to change the length of its members' terms of office after December 31, 2007.

---

[6]We note that House Bill 1387, currently pending in the Eighty-first Legislature, would add subsection (e) to section 11.065. That provision would require the DISD board of trustees to order "an election in the district to approve any rule adopted by the district under Subsection (d)." Tex. H.B. 1387, 81st Leg., R.S. (2009).

## S U M M A R Y

The board of trustees of the Dallas Independent School District was authorized to change the length of its members' terms of office until December 31, 2007, but not thereafter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee